Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7511 | **DATE** | 5/14/2012 |
| **CASE TITLE** | United States vs. Vernado Parker | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the Court denies defendant's motion for reconsideration and his motion to vacate the judgment [docket no. 11].

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Vernado Parker pled guilty to a narcotics charge, and the Court sentenced him. He did not file a notice of appeal. Parker then filed a motion under 28 U.S.C. § 2255. In that motion, Parker alleged that he had asked his attorneys to appeal and they had failed to do so. He also alleged that they had rendered ineffective assistance of counsel with regard to his guilty plea and sentencing and that the Court had made errors in sentencing him. The Court ruled in Parker's favor on the question of counsel's failure to file a notice of appeal, and as a result the Court reimposed sentence so that Parker could file a timely appeal. The Court also ruled on the merits on Parker's ineffective assistance claims, denying them. Parker appealed his conviction and sentence, and he also appealed the denial of the ineffective assistance claims he had asserted in his section 2255 motion. The court of appeals affirmed the latter rulings.

Parker then filed another section 2255 motion, namely the present case. He again asserted claims of ineffective assistance in connection with the plea and sentencing and error by the Court at sentencing. The government moved to dismiss, arguing the motion was a second section 2255 motion and that Parker could not file it without first getting the court of appeals' permission. The Court directed Parker to respond, and when no timely response was received, the Court granted the government's motion to dismiss.

The Court then received from Parker a response to the government's motion to dismiss that appeared to have been mailed on or before the deadline the Court had set for his response. The Court entered an order stating that it would consider the response as a motion for reconsideration. In the interim, Parker received the dismissal order and filed both a notice of appeal and a motion under Rule 60(b) to vacate the judgment so that the Court could consider his response. The court of appeals has stayed proceedings pending determination of the request for reconsideration.

A district court typically loses jurisdiction over a case once a notice of appeal is filed. That said, when a

| STATEMENT |
|---|

losing party seeks reconsideration from the district court while an appeal is pending, the district court may deny the motion if it lacks merit. If, however, the district court is inclined to grant the motion for reconsideration, the appropriate procedure is to advise the court of appeals of this so that it may remand the case. *See, e.g., Ameritech Corp. v. Int'l Bhd. of Elec. Workers, Local 21*, 543 F.3d 414, 419 (7th Cir. 2008).

Parker's request for reconsideration is very well written and thoroughly researched, but it lacks merit. He relies on cases holding that if a defendant files a section 2255 petition challenging his lawyer's failure to file a notice of appeal, and the district court grants the petition, a later section 2255 motion is not considered a second motion, because the initial ruling simply restored the defendant's ability to file a direct appeal. *See, e.g., Urinyi v. United States*, 607 F.3d 318, 321 (2d Cir. 2010); *United States v. Scott*, 124 F.3d 1328, 1330 (10th Cir. 1997). But in the present case, Parker's initial section 2255 motion included additional claims besides the notice of appeal claim, and the Court ruled on those claims on their merits. Thus this case is not like *Urinyi* or *Scott*. Specifically, in his earlier section 2255 motion, Parker asserted ineffective assistance claims in which he directly challenged the conduct of his counsel in connection with his guilty plea and sentencing. Because Parker sought and received rulings on the merits of those claims, his current motion, in which he asserts similar claims, is a second or successive motion. For that reason, he cannot pursue it unless and until he obtains the court of appeals' permission.